TERRY L. BAKER   (SBN 214365)
820 Bay Avenue, Suite 230L
Capitola, CA 95010
Tel:   (831) 476-7900
Fax:   (831) 476-7906
tbaker@consumerlawgroup.net

Attorneys for Plaintiff
TUSCANY INVESTMENTS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUSCANY INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, a limited liability company; WINNEBAGO INDUSTRIES, INC., a corporation; LIPPERT COMPONENTS, INC., a corporation,<br><br>    Defendants. | Case No. C-13-04185 HRL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>• Violations of Magnuson-Moss Warranty Act;<br>• Breach of Express Warranty;<br>• Breach of Implied Warranty |

**DEMAND FOR JURY TRIAL**

Plaintiff alleges that, at all times relevant:

## JURISDICTION

1.   The court has federal question jurisdiction under 15 U.S.C. § 2310 and Title 28 U.S.C. § 1331, as well as supplemental jurisdiction over plaintiffs' state law claims under Title 28 U.S.C. § 1367.  The amount in controversy exceeds $75,000.00 for plaintiff, exclusive of costs and interest.

## PARTIES

2.   Plaintiff Tuscany Investments LLC (hereinafter "TI"), at all times

---

Tuscany Investments LLC v. Daimler Trucks North America, et al.         FIRST AMENDED
                                                                        COMPLAINT

1

mentioned, was, and still is, a limited liability company formed under the laws of the State of Montana.

3. Defendant Daimler Trucks North America LLC (hereinafter "DT"), is a Delaware limited liability company doing business in Napa County, California.

4. Defendant Winnebago Industries, Inc. (hereinafter "WII") is a duly authorized Iowa corporation doing business in Napa County, California.

5. Defendant Lippert Components, Inc. (hereinafter "LCI") is a duly authorized Delaware corporation doing business in Napa County, California.

## FACTS COMMON TO ALL COUNTS

6. On October 12, 2012, plaintiff purchased a new 2013 Itasca Ellipse IKR42GD ("vehicle") from Transwest Truck Trailer RV in Frederick, Colorado for a price of 381,000.00. In connection with plaintiff's purchase, defendants DT, WII, and LCI issued to plaintiff express written warranties on the vehicle.

7. DT issued an express warranty on the chassis of the vehicle. The warranty states: "DT warrants that each new vehicle will be free from defects in material and workmanship that occur under normal use within the applicable warranty period, subject to certain limitations and exclusions as specified in this document." The "basic chassis" warranty is for a period of three years or 50,000 miles driven, whichever occurs first.

8. WII issued an express warranty on all WII supplied and installed parts. WII's warranty states: "Winnebago promises that any part of this motor home - except those identified in paragraph entitled, '**Excluded from Basic Coverage**'- found to be defective in material or workmanship shall be repaired or replaced at no cost to the owner for parts, material, or labor so long as the motor home has been used exclusively for recreational purposes and maintained as recommended in the Operator's Manual." The basic coverage period of WII's warranty 12 months or 15,000 miles driven, whichever occurs first.

9. LCI issued an express warranty on the slideout systems, leveling systems, steps, and various other components on the vehicle. LCI's warranty states: "Unless otherwise

Tuscany Investments LLC v. Daimler Trucks North America, et al.   FIRST AMENDED COMPLAINT

2

specifically stated herein, if a Lippert Components Covered Product is inspected by Lippert Components and found to be defective in materials and/or workmanship in a manner that is covered by this Limited Warranty and within the applicable time period, Lippert Components will, in its sole and absolute discretion, repair or replace the defective product or component as necessary." LCI's warranty duration is 1 year from the date of retail purchase.

10. Subsequent to plaintiff's purchase, the vehicle exhibited numerous defects in material and workmanship that substantially impair the vehicle's use, value and safety. Plaintiff delivered the vehicle to authorized repair facilities of DT, WII, and LCI to have defects remedied. Despite affording defendants a reasonable opportunity to cure the defects in the vehicle, they have not done so.

11. Plaintiff directly notified WII of the defects in the vehicle on or about July 15, 2013.

12. Plaintiff directly notified DT of the defects in the vehicle on or about August 2, 2013.

13. As of today, the vehicle remains defective and is still covered by all express warranties.

14. Despite plaintiff's protests, defendants have failed and refused to replace the vehicle with a vehicle that is not defective and have failed and refused to return plaintiff's money.

**FIRST CLAIM FOR RELIEF**
**Violations of the Magnuson-Moss Warranty Act**
**(By Plaintiff and against All Defendants)**

15. Plaintiff incorporates by reference all preceding paragraphs.

16. The vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3) and the vehicle was purchased for personal, family and household purposes.

18. Defendants are "warrantors" as defined respectively by 15 U.S.C.§ 2301(5).

19. The express written warranties are "written warranties" as defined by 15

Tuscany Investments LLC v. Daimler Trucks North America, et al.        FIRST AMENDED COMPLAINT

3

1  U.S.C. § 2301(6).

2      **20.**    Defendants violated the Magnuson-Moss Warranty Act by failing to conform the vehicle to the express warranties within a reasonable number of attempts or a reasonable amount of time. Defendants have failed to cure its failure to comply with the Act.

    **21.**    Prior to commencing this action, plaintiff afforded defendants reasonable opportunities to cure the failures and to comply with the Act.

    **22.**    Pursuant to 15 U.S.C. § 2310(d)(1), plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the vehicle and rescind the contract. Plaintiff is entitled to restitution of all consideration given.

    **23.**    As a proximate result of the violations of the Act, plaintiff has sustained, and continue to sustain damages, both economic and noneconomic, in the approximate amount of $381,000.00.

    **24.**    Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

### SECOND CLAIM FOR RELIEF
### Breach of Implied Warranty–Colorado Commercial Code
### (By Plaintiff and Against All Defendants)

    **25.**    Plaintiff incorporates by reference all preceding paragraphs.

    **26.**    Pursuant to Col. Comm. Code § 4-2-314 and § 4-2-315, the vehicle was accompanied by the defendants' implied warranty of merchantability and the implied warranty of fitness.

    **27.**    Defendants breached the implied warranties of merchantability and fitness in that the defects, malfunctions, and nonconformities render the vehicle unfit for the ordinary purposes for which it is used and it would not pass without objection in the trade.

    **28.**    Pursuant to Col. Comm. Code § 4-2-714, plaintiff is entitled to actual damages.

    **29.**    Pursuant to Col. Comm. Code § 4-2-715, plaintiff is entitled to incidental

Tuscany Investments LLC v. Daimler Trucks North America, et al.    FIRST AMENDED COMPLAINT

4

and consequential damages

30. As a direct and proximate result of said breach of implied warranties, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages.

31. Pursuant to 15 U.S.C. § 2310(d), plaintiff is entitled to reasonable attorney fees according to proof.

## THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty--Magnuson-Moss Warranty Act
### (By Plaintiff and against All Defendants)

32. Plaintiff incorporates by reference all preceding paragraphs.

33. Pursuant to 15 U.S.C. § 2301(7), the breaches by defendants of the state-law implied warranties of merchantability and fitness as set forth above also constitute breaches of implied warranties pursuant to the Magnuson-Moss Act.

34. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

35. As a proximate result of the breach of implied warranties, plaintiff has sustained, and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $381,000.00.

36. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranties
### (By Plaintiff and against All Defendants)

37. Plaintiff refers to and incorporates by reference all preceding paragraphs.

38. At all times herein mentioned, on and prior to October of 2012, defendants expressly warranted to members of the general public, including the plaintiff herein, that the vehicle and its component parts were free from latent defects or inherent risk of failure and were effective, proper and safe for their intended use.

---

Tuscany Investments LLC v. Daimler Trucks North America, et al.          FIRST AMENDED
                                                                          COMPLAINT

39. Plaintiff relied upon said express warranty representations of defendants in the purchasing of the vehicle.

40. Defendants breached the warranties by selling a vehicle that did not conform to the promises contained in the warranties.

41. After plaintiff sustained the damages complained of herein as a result of the defective condition of the vehicle, notice was given by plaintiff, who satisfied all terms of the contract and requirements, except as may be excused by misconduct of the defendants. This complaint shall serve as further notice of the breach described herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1.. That the contract be adjudged rescinded.
2. For restitution.
3. For incidental and consequential damages.
4. For actual and statutory damages.
5. For reasonable attorney fees according to proof.
6. For costs and expenses incurred herein.
7. For such other relief as the Court deems proper.
8. For treble damages.

Dated:     March 18, 2014         TERRY L. BAKER, ATTORNEY AT LAW

                                  _____
                                  TERRY L. BAKER
                                  Attorneys for Plaintiff

///
///
///
///

Tuscany Investments LLC v. Daimler Trucks North America, et al.          FIRST AMENDED COMPLAINT

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury.

Dated:      March 18, 2014                TERRY L. BAKER, ATTORNEY AT LAW

*[signature]*

TERRY L. BAKER
Attorneys for Plaintiff

---

Tuscany Investments LLC v. Daimler Trucks North America, et al.          FIRST AMENDED COMPLAINT

7