*E-Filed: August 19, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUSCANY INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-04185-HRL<br><br>**ORDER RE: CHOICE OF LAW ISSUE** |

This action involves Plaintiff Tuscany Investments LLC's purchase of a $381,000 recreational vehicle that was jointly manufactured, but separately warranted, by Defendants Daimler Trucks North America LLC, Winnebago Industries, Inc., and Lippert Components, Inc. An initial pretrial conference was held on January 22, 2015. At that time, it was determined that certain legal issues had to be addressed before this case could proceed to trial. The court granted the parties leave to file briefs addressing: (1) which state's remedies should be applied to Plaintiff's claims under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act ("Magnusson Moss Warranty Act"), 15 U.S.C. § 2301 *et seq.*; (2) whether Defendants may be held jointly liable; and (3) to what extent a witness offered by Winnebago can testify as to the alleged history of defects for Lippert's components. The parties have fully briefed the choice of law issue. *See* Dkt. Nos. 147, 148, 149, 150, 151. The court finds that the Colorado Commercial Code is the only applicable state law and will be applied to Plaintiff's claims under the Magnuson-Moss Warranty Act.

**BACKGROUND**

Tuscany is a Montana limited liability company that was formed to purchase and own real and personal property. Michael Shinn and Jennifer Shinn (husband and wife) are the sole members of Tuscany and all of the property held by the company is for the personal use of the Shinns. The Shinns are Colorado residents, but they also have homes in Montana and California.

In October 2012, Tuscany purchased a new 2013 Itasca Ellipse IKR42GD from Transwest Truck Trailer RV for $381,000. The motor home was manufactured by Winnebago. Winnebago had sold the completed motor home at wholesale in September 2012 to Transwest Freightliner LLC, which is an independent retail seller in Colorado. Plaintiff contracted to purchase the motor home in Transwest's Frederick, Colorado location, where delivery occurred in October 2012.

Daimler issued an express warranty on the chassis of the motor home. Winnebago issued an express warranty on all Winnebago supplied and installed parts. Lippert supplied certain component parts for the motor home. Those parts were sold to Winnebago and installed into the motor home by Winnebago. Lippert issued a written warranty on its components. The motor home allegedly exhibited numerous defects in material and workmanship. Plaintiff alleges that the motor home was delivered to authorized repair facilities of both Daimler and Winnebago to have the defects repaired, but the defects were not repaired.

In September 2013, Plaintiff filed suit against Daimler and Winnebago. Daimler and Winnebago filed cross-claims against each other. Plaintiff filed an amended complaint, adding Lippert as a defendant. The First Amended Complaint (the operative complaint) alleges: (1) violations of the Magnuson-Moss Warranty Act; (2) breach of implied warranty—Colorado Commercial Code; (3) breach of implied warranty—Magnusson Moss Warranty Act; and (4) breach of express warranties. Winnebago filed an amended cross-claim, adding Lippert as a cross-defendant. Defendants stipulated to dismiss with prejudice all cross-actions in this case.

The court has granted the parties leave to file briefs addressing: (1) the choice of law issue; (2) whether Defendants may be held jointly liable; and (3) to what extent a witness offered by Winnebago can testify as to the alleged history of defects for Lippert's components.

**DISCUSSION**

**I.     CHOICE OF LAW ISSUE**

"Magnuson-Moss governs warranties for consumer products distributed in interstate commerce." *Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1330 (2014). "It requires disclosures in connection with written warranties, regulates the substantive content of warranties, and establishes a federal cause of action for breach of a written or an implied warranty (15 U.S.C. § 2310(d)), among other provisions." *Id*. "Magnuson-Moss does not substitute federal law for state law of consumer product warranties, but instead supplements state law." *Id*. "Magnuson-Moss calls for the application of state written and implied warranty law, not the creation of additional federal law, except in specific instances in which it expressly prescribes a regulating rule." *Id*. at 1331 (internal quotation marks omitted).

Here, the parties do not dispute that the warranties at issue are "limited" warranties, as defined by the Magnuson-Moss Warranty Act. One must look to applicable state law to determine damages. "The Magnuson-Moss Warranty Act is virtually silent as to the amount and type of damages which may be awarded for breach of an express limited warranty. However, the statute provides that nothing in the Act 'shall invalidate or restrict any right or remedy of any consumer under State law . . . .' 15 U.S.C. § 2311(b)(1). Furthermore, the legislative history clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Act." *MacKenzie v. Chrysler Corp*., 607 F.2d 1162, 1166 (5th Cir. 1979) (internal quotation marks and alteration omitted). "A majority of courts have interpreted Section 2310(d) to incorporate state law remedies into causes of action under Warranty Act." *Kemper v. Coachman Recreational Vehicle Co., LLC*, 408 F. Supp. 2d 604, 607 (N.D. Ill. 2006).

Three states' laws are potentially relevant to the inquiry: Colorado, Montana, and California. First, Colorado consumer warranty law cannot be "applicable" state law. Colorado's Consumer Warranty Statute defines "Consumer" as the "purchaser . . . of a motor vehicle normally used for personal, family, or household purposes, any person to whom such motor vehicle is transferred for the same purposes during the duration of a manufacturer's express warranty for such motor vehicle, and any other person entitled by the terms of such warranty to enforce the obligations of the warranty." Colo. Rev. Stat. § 42-10-101(1). The term "motor vehicle" excludes

3

"motor homes." Colo. Rev. Stat. § 42-10-101(2). Accordingly, there is no remedy available to Plaintiff for breach of warranty under Colorado law as to "motor homes," meaning the Colorado Consumer Warranty Statute cannot support damages under the Magnuson-Moss Warranty Act deferral to "applicable state law."

Second, Montana consumer warranty law cannot be "applicable" state law. Montana's "lemon law" includes the chassis or vehicular portion of motor homes. Mont. Code Ann. § 61-4-501(5)(a). This statute also excludes the residential or living quarters portion of motor homes. Mont. Code Ann. § 61-4-501(b)(ii). Suit in Montana could not apply to Winnebago or Lippert as a matter of law under the state's consumer protection scheme.

Third, California consumer warranty law cannot be "applicable" state law. California's Song-Beverly Consumer Warranty Act governs "warranties for consumer goods." *Orichian*, 226 Cal. App. 4th at 1331. This statute only applies to goods "sold in this state." Cal. Civ. Code § 1793.2(a). Here, the motor home was purchased in Colorado. Because Plaintiff did not purchase the motor home in California, Plaintiff cannot avail itself of the Song-Beverly Consumer Warranty Act. *Davis v. Newmar*, 136 Cal. App. 4th 275, 278 (2006). Accordingly, the Song-Beverly Consumer Warranty Act cannot support damages under the Magnuson-Moss Warranty Act's deferral to "applicable state law."

Plaintiff does have an available remedy for breach of warranty under the Colorado Commercial Code. The Colorado Commercial Code provides that, absent an agreement between the parties stating that the law of a specific state is to govern their rights and duties under a transaction, the Colorado Commercial Code will apply to transactions bearing an appropriate relation to the state of Colorado. Colo. Rev. Stat. § 4-10-105.

Here, no agreement between the parties in this case specifies a law other than Colorado's. In addition, this case bears an appropriate relation to Colorado. Plaintiff executed the sales contract for the motor home in Colorado, Plaintiff took physical delivery of the motor home in Colorado, title to the motor home transferred to Plaintiff as a matter of law in Colorado, the majority of repairs to the motor home occurred in Colorado, and one of the Shinns' several homes is in Colorado.

In addition, the Colorado Commercial Code provides a cause of action for breach of implied warranty. Colo. Rev. Stat. §§ 4-2-314, 4-2-315. The Colorado Commercial Code establishes that the remedies for breach of warranty are: (1) "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," Colo. Rev. Stat. § 4-2-714; and (2) incidental and consequential damages, Colo. Rev. Stat. § 4-2-715. Plaintiff has an adequate and available remedy for its breach of written and/or implied warranty claims under the Colorado Commercial Code.

Plaintiff argues that the court should look to the Restatement (Second) of Conflict of Laws § 191 to determine which "applicable state law" to apply to Plaintiff's breach of warranty claims. Section 191 provides that: "The validity of a contract for the sale of an interest in a chattel and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where under the terms of the contract the seller is to deliver the chattel unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 191 (1971).

On its face, the Restatement establishes that Colorado law is presumed to apply, absent a showing that "some other state has a more significant relationship . . . to the transaction and the parties." Here, Colorado law controls. The sales contract for Plaintiff's purchase of the motor home did not contain a choice of law provision. In the absence of such a provision, the court is to apply to local law of the state where the seller is to "deliver" the item purchased. The parties do not dispute that the sales contract was negotiated and signed in Colorado and physical delivery and passage of title occurred in Colorado.

Moreover, California does not have a more significant relationship to Plaintiff's purchase of the motor home which would necessitate the application of the Song-Beverly Consumer Warranty Act remedies under California law. California's only connection to this action is that one of the Shinns' homes is located in California and a few of the repairs for the motor home were performed in California. In *De Shazer v. National RV Holdings, Inc.*, 391 F. Supp. 2d 791, 794 (2005), cited by Plaintiff, the court held that Arizona law should have applied to the plaintiff's breach of warranty claim because Arizona had a more significant relationship to the transaction

and to the parties. Specifically, the court noted that the contract for sale was negotiated and executed in Arizona, Plaintiff lived in Arizona, and many of the repairs were done in Arizona. *Id*. Here, the same factors cited in *De Shazer* support application of Colorado law.

In addition, Plaintiff cites to *Romo v. FFG Insurance Co.*, 397 F. Supp. 2d 1237 (9th Cir. 2005), in which the court held that California's Song-Beverly Consumer Warranty Act remedy applied in a case involving a limited warranty claim under the Magnuson-Moss Warranty Act. *Romo*, however, is inapplicable here. *Romo* did not hold that the Song-Beverly Consumer Warranty Act operates as the "applicable state law" in a Magnuson-Moss Warranty Act action. *Romo* involved a sua sponte order to show cause inquiry as to whether the court had subject matter jurisdiction. *Romo* held that should the Song-Beverly Consumer Warranty Act apply, its civil penalty provision could be considered as akin to punitive damages, which could support the then-existing $50,000 amount in controversy threshold being evaluated by the district court as a jurisdictional matter. *Id*. at 1240.

Accordingly, the court finds that the Colorado Commercial Code is the only applicable state law and will be applied to Plaintiff's claims under the Magnuson-Moss Warranty Act.

## II. JOINT LIABILITY ISSUE

In regards to whether Defendants may be held jointly liable, Plaintiff asserts that the jury can render a general verdict in favor of Plaintiff and apportion it according to the percentage of liability as to each defendant. In support of this assertion, Plaintiff does not cite to any legal authority, but argues only that it can find no case law supporting Winnebago's position that liability in a non-tort action can be joint and several under the Magnuson Moss Warranty Act. Defendants do not address the issue of joint liability. Because this issue was not fully briefed by the parties, the court declines to address this issue at this time.

## III. TESTIMONY REGARDING ALLEGED HISTORY OF DEFECTS

The parties have not addressed to what extent a witness offered by Winnebago can testify as to the alleged history of defects for Lippert's components. In addition, Defendants stipulated to dismiss with prejudice all cross-actions in this case. Accordingly, the court declines to address this issue.

**CONCLUSION**

For the reasons stated above, the court finds that the Colorado Commercial Code is the only applicable state law and will be applied to Plaintiff's claims under the Magnuson-Moss Warranty Act. The court declines to address whether Defendants may be held jointly liable and the extent a witness offered by Winnebago can testify as to the alleged history of defects for Lippert's components

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

7