E-Filed 9/23/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUSCANY INVESTMENTS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, et al.,<br><br>        Defendants. | Case No.  13-cv-04185-HRL<br><br>**ORDER ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 114, 123 |

Plaintiff Tuscany Investments LLC sues Daimler Trucks North America LLC, Winnebago Industries, Inc., and Lippert Components, Inc., for violations of the Magnuson-Moss Warranty Act and related breach-of-warranty claims. Tuscany bases these claims on the purchase of an allegedly defective Itasca motorhome. The court, during a pretrial conference in January 2015, deferred ruling on two motions in limine: Winnebago's second and Lippert's first. Dkt. Nos. 114, 123. The court now resolves those two pending motions.

**WINNEBAGO'S SECOND MOTION IN LIMINE**

Winnebago moves the court to prohibit any party from calling Winnebago a "supplier" rather than a "warrantor." Dkt. No. 114. Winnebago argues that Tuscany has been precluded from labeling Winnebago as a supplier because Tuscany pled only that Winnebago is a warrantor. Winnebago relies on Federal Rule of Evidence 403 to argue that use of the word "supplier" would confuse the issues, mislead the jury, cause undue delay, and cause unfair prejudice. Winnebago also moves for a prohibition on any argument that Winnebago is jointly responsible with other defendants.

Tuscany responds that Winnebago would not be prejudiced by use of the word "supplier" because "this issue has been discussed extensively throughout this case and Winnebago is well aware that it meets the [supplier] definition" provided in 15 USC § 2301(4). Tuscany also argues

that supplier status is a legal issue to be drawn from underlying facts rather than a standalone factual issue. Dkt. No. 132.

The Magnuson-Moss Act defines a supplier as "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 USC § 2301(4). A warrantor may be a supplier at the same time. *See* 15 USC § 2301(5). Winnebago has admitted it "supplied and installed" parts in the allegedly defective motorhome. *Compare* Dkt. No. 1 at 2 *with* Dkt. No. 7 at 1. The court finds Winnebago would not be unfairly prejudiced at trial if any party labeled Winnebago a supplier based on Winnebago's admission. The court likewise finds no danger that use of the word "supplier" would confuse the issues, mislead the jury, or cause undue delay. The motion for an order prohibiting any party from calling Winnebago a supplier is denied.

Winnebago provides no real support for its secondary request. Winnebago's introduction moves the court to prohibit any argument that Winnebago is jointly responsible with the other defendants, but the rest of the motion makes no attempt to explain why the request might be appropriate. The court denies the request at this time.

## LIPPERT'S FIRST MOTION IN LIMINE

Lippert, in its first motion in limine, moves the court to exclude reference by any party to "any and all other litigation" that involves Lippert. Dkt. No. 123 at 2. Lippert argues exclusion is appropriate under Federal Rules of Evidence 402 and 403 because any facts or issues that are not "identical" to the facts and issues of this case are irrelevant. Lippert also claims that references to allegations or evidence from a different case would be too confusing, unfairly prejudicial, and time-consuming. Winnebago responds that another case in this district—*Collishaw Holdings, LLC, et al. v. Winnebago Industries, Inc. et al.*, 13-cv-5364-JCS—is substantially similar to this one, and therefore evidence about that case is relevant and should be admitted. Winnebago argues that both this case and *Collishaw* involve similar Magnuson-Moss Act claims based on the alleged failures of "identical components" in similar Itasca motorhomes.

A party must show "substantial similarity" before a court may conclude that evidence of some other event is relevant proof of a design defect. *See Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc., a Div. of Reichhold Chemicals, Inc.*, 23 F.3d 1547, 1555 (9th Cir. 1994).

Winnebago has shown that the events alleged in *Collishaw* are substantially similar to the alleged facts of this case, and therefore those other events are relevant to prove design defects in the Itasca motorhome purchased by Tuscany. However, *Collishaw* ended with settlement and a voluntary dismissal, and the alleged facts were not conclusively proven one way or the other. The court finds that the probative value of references to *Collishaw* would be small and substantially outweighed by the danger of undue delay as well as the danger of unfair prejudice to Lippert. *See* Fed. R. Evid. 403. The court therefore prohibits any party from referencing *Collishaw*.

## CONCLUSION

The court denies Winnebago's second motion in limine and grants Lippert's first motion in limine.

**IT IS SO ORDERED.**

Dated: 9/23/15

_____
HOWARD R. LLOYD
United States Magistrate Judge