E-Filed 1/5/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUSCANY INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>WINNEBAGO INDUSTRIES, et al.,<br><br>Defendants. | Case No.  13-cv-04185-HRL<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 183, 201, 202 |

Tuscany Investments, LLC ("Tuscany") sues Winnebago Industries ("Winnebago") and Lippert Components, Inc. ("Lippert") for violations of the Magnuson-Moss Warranty Act and related breach-of-warranty claims. Tuscany bases its claims on the purchase of an allegedly defective Itasca motorhome.

The court held a third pretrial conference with the parties on January 4, 2016, and the court ruled on two motions in limine during that conference. This order memorializes the court's rulings on those motions. Tuscany also agreed to the relief requested in one of Winnebago's other motions, and the court now memorializes that agreement by ruling in favor of Winnebago on that motion.

The court does not at this time rule on the final pending motion in limine. Dkt. No. 203.

**Tuscany's Third Motion In Limine**

Daimler Trucks North America, LLC ("Daimler") used to be a defendant and cross-defendant in this case, but it settled the claims against it. Tuscany moved the court to prohibit references to either the fact that Daimler used to be a party or the fact that Daimler settled the claims against it. Dkt. No. 183. Tuscany argued that these facts have no probative value and that Tuscany would be prejudiced if the jury heard them. Tuscany elaborated at the pretrial conference that it feared the jury would hear the word "settled" and would conclude that Tuscany has already

been compensated for all of its claims.

The court denied the motion for three reasons: (1) it seems unlikely that a reasonable, thoughtful juror would conclude that a settlement with one defendant resulted in full compensation for claims against other defendants; (2) prejudice suffered by reference to the settlement would not be unfair because Tuscany imposed any such prejudice on itself with its decision to settle those claims; and (3) the jury is likely to be misled or confused by the absence of Daimler if the parties are prohibited from explaining that absence.

### Winnebago's Fifth Motion In Limine

Winnebago agrees that Michael Shinn ("Shinn"), the owner of Tuscany, may provide testimony about the value of the motorhome. Winnebago moved the court, however, to prohibit Shinn from explaining the reasoning behind his value testimony. Dkt. No. 201. Winnebago argued that any testimony which provides an explanation for Shinn's value testimony would be an impermissible expert opinion. Winnebago primarily supported its argument with a case from the Third Circuit, *Lightning Lube, Inc., v. Witco Corp.*, 4 F.3d 1153 (1993), but that case actually held that it is both necessary and appropriate to support lay value testimony with a foundational explanation, *id.* at 1175 (discussing Federal Rule of Evidence 701).

Tuscany opposed the motion. Tuscany's counsel argued that the expected substance of Shinn's testimony would be permissible lay testimony based on personal knowledge: Shinn believes the motorhome is worth a certain amount of money, and Shinn bases that opinion on his personal experiences with owning, using, and selling a previous motorhome that worked better than his current motorhome.

The court denied Winnebago's motion because Shinn's expected testimony, as described by Tuscany's counsel, would be permissible lay testimony based on personal knowledge.

### Winnebago's Sixth Motion In Limine

Winnebago's sixth motion in limine moves the court to prohibit references to defects that first arose after Winnebago's express warranty expired. Dkt. No. 202. The parties discussed this motion at the pretrial conference, and Tuscany eventually agreed that any defects Tuscany did not report during the warranty period would be "off-limits" and would not be mentioned at trial. The

1 court now grants Winnebago's motion in order to memorialize Tuscany's agreement. This ruling
2 does not prejudice Tuscany's ability to discuss the effects of any lingering defects that Tuscany
3 timely reported.

## Conclusion

The court denied the motion to prohibit Shinn from explaining the basis for his value testimony because the expected foundational testimony described by Tuscany's counsel would be permissible lay testimony. The court denied the motion to prohibit references to Daimler's status as a former defendant because: (1) the risk of prejudice to Tuscany is low, (2) any such prejudice would be the fair result of Tuscany's own actions, and (3) the jury is likely to be confused or misled unless the parties are permitted to describe Daimler's role in this case. Finally, Tuscany agreed at the pretrial conference that defects would be "off-limits" at trial if Tuscany did not raise them during the warranty period, and the court now grants Winnebago's sixth motion in limine to memorialize that agreement.

**IT IS SO ORDERED.**

Dated: 1/5/2016

HOWARD R. LLOYD
United States Magistrate Judge